1
2
3
4
5
6
7

8                 **IN THE UNITED STATES DISTRICT COURT**

9               **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11 TERRELL CORDARRYL STANFORD,       No.  2:19-CV-0497-KJM-DMC-P

12              Plaintiff,

13        v.                     <u>ORDER</u>

14 Y. ANAYA, et al.,

15              Defendants.

16

17         Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18 42 U.S.C. § 1983. Pursuant to Federal Rule of Civil Procedure 16(b), the following schedule for

19 this litigation is ordered:

20         The parties are directed to file pre-trial statements in accordance with the schedule

21 set forth below.  In addition to the matters already required to be addressed in the pre-trial

22 statement in accordance with Eastern District of California Local Rule 281, plaintiff will be

23 required to make a particularized showing in his pre-trial statement in order to obtain the

24 attendance of witnesses.  Plaintiff is advised that failure to comply with the procedures set forth

25 below may result in the preclusion of any and all witnesses named in his pre-trial statement.

26         At the trial of this case, plaintiff must be prepared to introduce evidence to prove

27 each of the alleged facts that support the claims raised in the lawsuit.  In general, there are two

28 kinds of trial evidence: (1) exhibits; and (2) the testimony of witnesses.  It is plaintiff's

responsibility to produce sufficient evidence to prove his case, whether that evidence is in the form of exhibits or witness testimony.  If plaintiff wants to call witnesses to testify, he must follow certain procedures to ensure that the witnesses will be at the trial and available to testify.

An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot come to court unless this court orders the warden or other custodian to permit the witness to be transported to court.  This court will not issue such an order (called a writ of habeas corpus ad testificandum) unless it is satisfied that: (1) the prospective witness is willing to attend; and (2) the prospective witness has actual knowledge of relevant facts.

With the pre-trial statement, a party intending to introduce the testimony of incarcerated witnesses who have agreed voluntarily to attend the trial must serve and file a written motion for a court order requiring that such witnesses be brought to court at the time of trial.  The motion must:

1.   State the name, CDCR identification number, and address of each such witness; and

2.   Be accompanied by affidavits showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts.

The willingness of the prospective witness can be shown in one of two ways:

1.   The party himself can swear by affidavit that the prospective witness has informed the party that he or she is willing to testify voluntarily without being subpoenaed.  The party must state in the affidavit when and where the prospective witness informed the party of this willingness; or

2.   The party can serve and file an affidavit sworn to by the prospective witness, in which the witness states that he or she is willing to testify without being subpoenaed.

The prospective witness' actual knowledge of relevant facts can be shown in one of two ways:

1.   The party himself can swear by affidavit that the prospective witness has actual knowledge.  However, this can be done only if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts.  For example, if an incident occurred in the plaintiff's cell and, at the time, the plaintiff saw that a cellmate was present and observed the incident, the plaintiff may swear to the cellmate's ability to testify; or

/ / /

2

2.     The party can serve and file an affidavit sworn to by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye- or ear-witness. Whether the affidavit is made by the plaintiff or by the prospective witness, it must be specific about what the incident was, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

The court will review and rule on the motion for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to court. Subsequently, the court will issue the order necessary to cause the witness' custodian to bring the witness to court.

If a party seeks to obtain the attendance of incarcerated witnesses who refuse to testify voluntarily, the party should submit with his pre-trial statement a motion for the attendance of such witnesses. Such motion should be in the form described above. In addition, the party must indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

As to any witness who is not incarcerated, it is the responsibility of the party seeking the testimony of such witnesses to secure their voluntary attendance and to notify the witness of the time and date of trial. No action need be sought or obtained from the court. Is such witness refuses to testify voluntarily, not earlier than four weeks and not later than two weeks before trial, the party seeking testimony must prepare and submit to the United States Marshal a subpoena for service by the Marshal upon the witness. Blank subpoena forms may be obtained from the Clerk of the Court. Also, the party seeking the witness' presence must pay the witness a fee. The witness fee, paid through the United States Marshal, is $40.00 for each day of testimony, plus the witness' travel expenses, if the witness is not incarcerated. A subpoena will not be served by the United States Marshal upon a witness who is not incarcerated unless the subpoena is accompanied by a money order made payable to the witness for the full amount of the witness' travel expenses plus the daily witness fee of $40.00, and a copy of the court's order granting plaintiff in forma pauperis status. As noted earlier, because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if the party was granted leave to proceed in forma pauperis.

Failure to comply with any portion of this order may result in the imposition of appropriate sanctions, including dismissal of the entire action. See Local Rule 110.

3

1        Having considered the parties' status reports, the court will set the following

2    schedule:

3        1.      Plaintiff shall file and serve his pre-trial statement, and any motions

4    necessary to obtain the attendance of witnesses at trial, on or before August 31, 2020;

5        2.      Defendants shall file their pre-trial statement on or before 30 days from the

6    date of service of plaintiff's pre-trial statement;

7        3.      A pre-trial conference, as described in Local Rule 282, shall be conducted

8    by the undersigned on the file only, without appearances, following submission of pre-trial

9    statements; and

10       5.      The matter will be set for trial by separate final pre-trial order following the

11   pre-trial conference on the file.

12       IT IS SO ORDERED.

13

14

15   Dated:  July 31, 2020

16   _____

     DENNIS M. COTA

17   UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28