UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRELL CORDARRYL STANFORD,<br><br>    Plaintiff,<br><br>    v.<br><br>Y. ANAYA, et al.,<br><br>    Defendants. | Case No.  2:19-cv-00497-KJM-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

    Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983 alleging that Defendants Johnson and Anaya violated his First and Eighth Amendment rights when they engaged in retaliation, used excessive force against him, and withheld his mail.[1]  Pending before the Court is Defendants Johnson and Anaya's motion for summary judgment, ECF No. 42, Plaintiff's opposition, ECF No. 45, and Defendants' reply, ECF No. 46.  Defendants argues that Plaintiff's excessive force claims are barred by the Heck[2] doctrine.  ECF No. 42.  The undersigned agrees that these claims are barred and recommends granting Defendants' motion for summary judgment.

---

[1] Defendants' motion only addresses Plaintiff's excessive force claims, and thus Plaintiff's remaining claims will proceed in litigation.

[2] Heck v. Humphrey, 512 U.S. 477 (1994).

1

# I. BACKGROUND

On May 17, 2018, Plaintiff was involved in an altercation with Defendants after they entered his cell. Plaintiff contends that Defendants entered his cell to handcuff him so that his cellmate could return from the yard. ECF No. 42-5 at 11. He claims that after Defendants handcuffed him, they "flung" him onto his stomach and attacked him. ECF No. 42-4 at 5-6. He claims that he never resisted Defendants and that their use of force against him was unprovoked. Id. at 8-9.

According to Defendants' evidence, they handcuffed Plaintiff so they could conduct a search of Plaintiff's cell. ECF No. 42-5 at 8. When Plaintiff refused to exit the cell, each Defendant grabbed one of Plaintiff's arms and escorted him out of the cell. Id. Anaya claims that during the escort, Plaintiff turned toward Anaya and headbutted Anaya's right shoulder. Id. Fearing for his and Johnson's safety, Anaya used physical force to subdue Plaintiff. Id. After the altercation ended, officers found twenty rolled "marijuana sticks" in Plaintiff's cell, which Plaintiff claims were not his. ECF No. 42-4 at 10-11.

Plaintiff received two Rules Violation Report that day. The first dealt with the marijuana found in his cell. Id. Plaintiff was found guilty possession and the hearing officer deducted 180 days of good-time credit. Id. The second RVR concerned the physical altercation between Plaintiff and Defendants. Id. at 11. The RVR alleged that Plaintiff battered Anaya, a peace officer. Id. The hearing officer, officer S. Wagner, found Plaintiff guilty of the second RVR. ECF No. 42-5 at 8-14. However, the third level appeal review reversed the conviction on the grounds that Wagner did not provide Plaintiff with evidence he had requested (the video footage of the incident), and that Wagner did "not determine what evidence was utilized for the finding of guilt." Id. at 8.

The RVR was then heard by Chief Disciplinary Officer, Associate Warden Grether. Id. at 8-25. On rehearing, Plaintiff was provided with the evidence he requested—video footage from the incident, although Grether determined that the footage had no evidentiary value because it did not show the inside of Plaintiff's cell. Id. at 21. In developing his findings, Grether relied on Officer Bennett's incident report that stated he witnessed Plaintiff batter Anaya.

Id.  Additionally, Grether relied on a form completed by Anaya following the incident that indicated that he suffered pain in his right should, which corroborated his claim that Plaintiff headbutted his right shoulder.  Id.  Wagner found Plaintiff guilty and assessed 150 days of good-time credit loss.  Id. at 24, 31; ECF No. 42-4 at 13-14.  The record shows that the 150 days of good-time credit Plaintiff lost due the altercation with Defendants on May 17 have been not restored.  Id.

## II.  STANDARD FOR SUMMARY JUDGEMENT

The Federal Rules of Civil Procedure provide for summary judgment or summary adjudication when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The standard for summary judgment and summary adjudication is the same.  See Fed. R. Civ. P. 56(a), 56(c); see also Mora v. ChemTronics, 16 F. Supp. 2d. 1192, 1200 (S.D. Cal. 1998).  One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses.  See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  Under summary judgment practice, the moving party

> . . . always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Id., at 323 (quoting former Fed. R. Civ. P. 56(c)); see also Fed. R. Civ. P. 56(c)(1).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists.  See Fed. R. Civ. P. 56(c)(1); see also Matsushita, 475 U.S. at 586 n.11.  The

opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987). To demonstrate that an issue is genuine, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted). It is sufficient that "the claimed factual dispute be shown to require a trier of fact to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631.

        In resolving the summary judgment motion, the Court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. See Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed, see Anderson, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, see Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Ultimately, "[b]efore the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." Anderson, 477 U.S. at 251.

///
///
///
///
///

### III. DISUCSSION

Plaintiff alleges that Defendants violated his Eighth Amendment rights by attacking him in his cell. ECF No. 45. Defendants do not challenge the merits of Plaintiff's excessive force claims, but instead argue that the claims are barred under the favorable termination rule set forth in Heck. ECF No. 42. The Court finds that the claims are Heck barred and thus recommends granting Defendants' motion.

Where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of an underlying conviction or sentence, or the result of a prison disciplinary hearing resulting in imposition of a sanction affecting the overall length of confinement, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding. See Heck, 512 U.S. at 483-84 (concluding that § 1983 claim not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor).

Heck applies in the prison disciplinary context if the "defect complained of by [Plaintiff] would, if established, necessarily imply the invalidity of the deprivation of his good-time credits[,]" Edwards v. Balisok, 520 U.S. 641, 646 (1997); Nonnette v. Small, 316 F.3d 872, 875 (9th Cir. 2002), and if the restoration of those credits "necessarily" would "affect the duration of time to be served[.]" See Muhammed v. Close, 540 U.S. 749, 754 (2004) (per curiam); see also Nettles v. Grounds, 830 F.3d 922, 927-28 n.4 (9th Cir. 2016) (en banc) ("Heck applies only to administrative determinations that 'necessarily' have an effect on 'the duration of time to be served.'" (citations omitted)); Ramirez v. Galaza, 334 F.3d 850, 856 (9th Cir. 2003) ("[T]he applicability of the favorable termination rule turns solely on whether a successful § 1983 action would necessarily render invalid a conviction, sentence, or administrative sanction that affected the length of the prisoner's confinement."). Here, Defendants have the burden of demonstrating that Heck bars Plaintiff's § 1983 claims for excessive force. See Sandford v. Motts, 258 F.3d 1117, 1119 (9th Cir. 2001) ("It was the burden of the defendants to establish their [Heck] defense….").

Defendants have met their burden of establishing that Heck bars Plaintiff's excessive force claims. As discussed above, Plaintiff was convicted of battery on a peace officer and the hearing officer, Grether, assessed a punishment of 150 days of good-time credit deducted from Plaintiff's sentence, which is reflected on Plaintiff's CDCR Calculation Worksheet. The Worksheet also shows that those 150 days have not been restored, causing Plaintiff's release date to necessarily be extended. Thus, Plaintiff's rules violation conviction, which was based on the same incident as Plaintiff's excessive force claims, necessarily places at issue the duration of time to be served. If Plaintiff is successful in the instant action, the term of Plaintiff's incarceration would be reduced on a finding that the good time credits should be restored. .Accordingly, his claims for excessive force are barred by Heck. See Edwards, 520 U.S. at 646.

Plaintiff argues that the conviction was improper because he did not batter Defendant Anaya, but that he was actually attacked by Defendants. ECF No. 45 at 1-2. That argument is foreclosed by Heck since success on that argument would establish Defendants' use of force, which would "necessarily imply the invalidity of the deprivation of his good-time credits." See Burton v. Chenoweth, 2015 WL 7758476, *3 (E.D. Cal. 2015) ("Plaintiff's disciplinary conviction and his excessive force claim arise from the same incident, and the two versions of events are entirely inconsistent with one another. If plaintiff prevailed on his claim that defendant, unprovoked by plaintiff and without any justification, used excessive force by pepper spraying plaintiff, such success would necessarily invalidate the result of the disciplinary hearing, which was based on the finding that plaintiff caused defendant to fear for his safety and sprayed plaintiff to prevent plaintiff from battering defendant . . . . Plaintiff's success on this claim would necessarily imply the illegality of the prison disciplinary, which is barred by Heck and Edwards." (footnote omitted)); see also Sharp v. Morrison, 2010 WL 2838635, *4-5 (E.D. Cal. 2010) (Plaintiff's excessive force claim was Heck barred when Plaintiff pursued a theory that he was the victim but a disciplinary hearing determined Plaintiff was the aggressor).

///
///
///

## IV. CONCLUSION

Based on the foregoing, the undersigned recommends that Defendants' motion for summary judgment, ECF No. 42, be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to the objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 3, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE